case the petition does not state facts sufficient to constitute a cause of action.

*Demurrers sustained.*

PARDEE and FUNK, JJ., concur in judgment.

---

THE AMERICAN EXPORT & INLAND COAL CORPORATION *v.* THE WILLIAMSON POND CREEK COAL SALES CO.

*Sales—Note or memorandum in writing—Section 8384, General Code—Signed refusal to contract insufficient, when.*

A written refusal to enter into a proposed contract, which refusal is signed by the party to be charged, is not such a note or memorandum as will take the case out of the provisions of Section 8384, General Code, requiring a contract for the sale of goods of the value of twenty-five hundred dollars or more, or some note or memorandum thereof, to be in writing and signed by the party to be charged.

(Decided February 5, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Walter K. Sibbald* and *Mr. Stuart R. Ducker,* for plaintiff in error.
*Messrs. Buchwalter, Headley & Smith,* for defendant in error.

HAMILTON, P. J. The action below was for damages for an alleged breach of contract under which it was claimed that the defendant in error failed to deliver to plaintiff in error 200 cars of coal at a price of $1.75 per ton, f. o. b. mines.

It is the law that such a contract, involving more than $2500, must be in writing, or some note or memorandum signed by the party to be charged, or his agent, to make an enforcible contract under Section 8384, General Code.

Plaintiff in error contends, and sought to show by proof at the trial, that the contract was made on April 13 by telephone conversation, and that this telephone conversation, or contract, was confirmed by the defendant company, in writing, and by other written memoranda in the way of letters and telegrams.

The written memoranda claimed to confirm the contract were introduced in evidence, and, at the close of plaintiff's testimony, the court instructed a verdict for the defense, on the ground that the exhibits did not show any memorandum in writing to take the case out of the statute. That several writings, executed at different times, may be construed together for the purpose of ascertaining the terms of a contract, and for the purpose of taking an action founded thereon out of the operation of the statute, is fully settled by the case of *Thayer* v. *Luce and Fuller*, 22 Ohio St., 62. The exhibits in this case, the evidence upon which is founded the claim of plaintiff in error of a memorandum in writing signed by the defendant in error company, are:

Exhibit 1. Telegram of plaintiff in error to defendant in error, signed by plaintiff in error.

Exhibit 2. Printed order of plaintiff in error directed to defendant in error, to ship 200 cars of coal to Carnegie Steel Company.

Exhibit 3. The following letter from the defendant in error to the American Export & Inland

Coal Corporation, plaintiff in error, dated April 14, 1922:

"April 14, 1922.

"Gentlemen:

"We are just in receipt of your order for 200 cars Pond Creek Mine Run to be shipped to the Carnegie Coal Company—Clairton By-Products Company, Clairton, Pa.

"We are very sorry to advise you, but since investigating the credit of this company, and do not find them even listed in Bradstreets' or Sanborns' Blue Book, we have called a meeting of the directors of our company and have presented to them this information, together with special report of your rating, and after finding the same not satisfactory to our directors, we are forced to say that we cannot accept this order for the above named reasons only.

"Thanking you for past favors, we beg to remain,

"Very truly yours,

"Williamson-Pond Creek Coal Sales Co.,

"By: J. L. Dunn,

"*Secretary.*"

Exhibits 4, 5, 6 and 7 are communications by telegram and letter from the plaintiff in error to the defendant in error, signed by the plaintiff in error.

Exhibits 8, 9 and 10 are communications between the defendant in error and third parties, concerning the guaranteeing of payment for 200 cars Pond Creek run of mine coal if purchased, and the refusal to guarantee such payments.

From these written memoranda it will be seen that the only memorandum signed by the party to be charged, defendant in error, was the letter,

Exhibit 3, above referred to and quoted. The purport of this letter was a refusal to accept the order and does not in any wise tend to show that any contract had been entered into. It certainly is not the law, and no authority has been cited to the point, that a refusal to enter into a contract, signed by the party to be charged, will take the case out of the statute. The case of *Louisville Asphalt Varnish Co.* v. *Lorick & Lowrance,* 29 S. C., 533, is cited as an authority in support of plaintiff in error's contention. This was a South Carolina case and South Carolina had a statute similar to our statute above referred to. In that case there was a verbal contract, but it appears that the merchant Lorick wrote a letter to the Varnish Company ordering it not to ship the paint, as he had changed his mind and didn't want the paint. It was held that this letter was sufficient memorandum to take the transaction out of the statute. Undoubtedly such a letter would take the transaction out of the statute, as it was an acknowledgment of the contract, but a direct refusal to carry it out. There is no such case here, and that case is not in point.

We find there was no evidence of any memorandum, in writing, sufficient to take the transaction out of the statute, and the judgment below will be affirmed.

*Judgment affirmed.*

RICHARDS, J., (of the Sixth Appellate District, sitting in place of BUCHWALTER, J.), and CUSHING, J., concur.